Opinion issued March 8, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00936-CV

———————————

R. Scott Brown, Appellant

V.

Allan D.
Keel, Appellee



 



 

On Appeal from the 234th District Court

Harris County, Texas



Trial Court Case No. 2009-04679

 



 

Concurring
and Dissenting Memorandum Opinion

The
trial court’s grant of JNOV on the ground that there was no evidence of a partnership
was error, and I join the majority in so holding. 
I dissent, however, from the majority’s conclusion
that there was not more than a scintilla of evidence to support the jury’s
verdict as to causation.

As long as a reasonable jury could
infer that Keel’s actions were a substantial factor in having brought about Brown’s
injury (the loss of the compensation package that he had negotiated), without
which Brown’s injuries would not have occurred, the trial court should not have
disregarded the jury’s finding of causation and rendered the JNOV.

Brown was
informed by the Oaktree managing
director on January 30th that he had been excluded as GulfWest’s prospective CFO.  During this same conversation,
he was told of Oaktree’s interest in his enjoying
some measure of ownership participation to compensate his facilitation of
the deal, or perhaps service as a director or some other management
position at which he would receive “the compensation package that [he] had
negotiated” (for both Keel and himself). 
When the same Oaktree managing
director sought Keel’s input on placing Brown with the company, Keel
began confessing his “difficulties seeing (Brown’s) role if it is not that
of CFO.”  Keel also stated, “If that [CFO
position] wasn’t going to be an option, then it was going to be tough to find a
spot,” “I don’t see much room for compromise,” and, most telling: “I would
expect [a new CFO] to want a meaningful piece of the upside, which would have
to be extracted from [Brown’s] share of the management equity.”  Despite Brown’s consideration for other slots
following his exclusion as prospective CFO, Skarden
Baker, Oaktree principal and lead negotiator, testified,
“Keel said: No, I don’t want him,” and thus ended  Brown’s actual
participation with, and prospective benefit from, the very deal he
had discovered and negotiated.

A reasonable jury could have inferred
Keel’s actions caused Brown’s loss of the compensation package that he had
negotiated.  As a death knell is composed
of more than a single peal of the bell, here, Keel’s substantial role in
Brown’s loss need not be the sole cause.

 

                                                                   Jim
Sharp

                                                                    Justice 

 

 

Panel consists of Justices
Jennings, Sharp, and Brown.

Justice Sharp, concurring and
dissenting.